### HARRIS v. RASKIN et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. PRINCIPAL AND AGENT (§ 122*)—AGENCY—STATEMENTS OF AGENT.
    The authority of an agent to bind his principal by a lease of real property cannot be established by admissions of the agent.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 416–419; Dec. Dig. § 122.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PRINCIPAL AND AGENT (§ 100*) — AUTHORITY OF AGENT — EXECUTION OF LEASE.

A salesman of a corporation, with power to sign checks and attend to routine business, did not have implied power to execute a lease of real property for his principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–373; Dec. Dig. § 100.*]

3. EVIDENCE (§ 148*)—TELEPHONE CONVERSATION—IDENTITY OF PERSON SPEAKING.

A telephone communication cannot be proved, without evidence of the actual identity of the person speaking.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Mark Harris against Rudolph Raskin and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Max Sheinart, of New York City, for appellants.
Bernard S. Deutsch, of New York City, for respondent.

LEHMAN, J. The plaintiff in this action claims that the defendants by their duly authorized agent agreed to lease certain premises for one year, that all the terms of the lease were agreed upon, that a deposit on the lease was made, and that the defendants are consequently liable for the rent of the premises, though they refused to sign the final lease and never occupied the premises. The defendants deny that the alleged agent had any authority to bind them, and the alleged agent denies that he attempted to bind them or agreed upon all the terms of the lease.

[1] There is no doubt in my opinion that the jury were fully justified in believing the testimony produced by the plaintiff, and that they could properly find that the alleged agent of the defendants represented himself as being authorized by the defendants to lease the premises, and agreed upon all the terms of the lease; but I cannot find that the plaintiff has presented any competent testimony that the defendants authorized the alleged agent to make the lease. The negotiations in regard to the lease were all held with a young man named Taubin, who stated that the defendants were the owners of the Taubin Bag Company, and desired to lease the premises for the Taubin Bag Company. His statements that he had the power to represent the defendants in making the lease must be disregarded; for, of course, agency cannot be proven by the admission of the agent.

[2] The only proof presented as to his actual agency was his own testimony and the testimony of one of the defendants that he was the salesman of the Taubin Bag Company, with power to sign checks and attend to the routine business. This, of course, is insufficient to show

power to bind the defendants in an extraordinary matter, such as the making of a lease.

[3] In addition, the plaintiff attempted to show ratification by one of the defendants through a telephone conversation, in which the person speaking represented himself as one of the defendants. Without proof of the actual identity of the person speaking, I think that this evidence was inadmissible.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.